Cook and Mitchell, Ex'rs, &c. v. Lewis and Wife.

2. The slightest participation in a misdemeanor is a misdemeanor, and so if a person should use provoking language towards another, calculated to bring on a difficulty and which does produce that result, this would be such a participation in a misdemeanor as to render both guilty of an affray, although the party provoked fought so fast, that the party using the provoking language, did not get a chance to strike, for the intention must be taken for the act.

---

## COOK & MITCHELL Ex'rs. &c., *vs.* P. L. LEWIS & WIFE.

1. J. C. C., by his will, directs his executors to retain the sum of two thousand dollars in their hands, for the purpose of building a house for his daughter Caroline, the wife of P. L. L., and *her children* (of whom she has four), at such time and place as they may all agree upon. P. L. L., in anticipation of the action of the executors, has a house erected on his own premises, worth two thousand dollars, and afterwards, in conjunction with his wife, files a bill against the executors, alleging the

erection by him of the house, and asking that the executors be decreed to pay over to them the two thousand dollars:—*Held*, that the bill is wanting in equity, and should have been dismissed.

Error to the Chancery Court of Russell. Before the Hon. Wilie W. Mason, Chancellor.

THE facts of this case appear in the opinion of the court.

BELSER & HARRIS, for plaintiffs in error :

1. The entire clause of the will above referred to, shows that the $2000 directed *to be retained* in the hands of the executors, is a separate estate for the benfit of the wife and children, and the legal title is in the executors.

2. If it be not a seperate estate, the chilren of the wife are equally with her interested in the bequest, and the decree for the full amount of the $2000, *under the facts*, is erroneous. Dunn and wife v. The Bank, 2 Ala. 152.

3. If the bequest be neither seperate nor joint, as contended by complainants, the court will decree before giving relief, that a settlement be made for the benfit of the wife and children.

HEYDENFELDT & McLESTER, for defendants.

CHILTON, J.—The fourth item in the will of James C. Cook, to be considered, is in the following language: "I give unto my daughter Caroline Lewis, and her children, twenty negroes, which I cannot name; but the same are to be selected and taken out of the balance of my negroes, by families as nearly as can be, after my wife makes her selection. My will and desire is, that when the selection of the negroes is made, Wm. H. Mitchell and James Cook, my son, whom I hereby appoint as trustees for the purpose, do control and have the management of one half the number of the said twenty negroes, to be divided as equally as can be, and to be designated by name, and their future increase. I also give unto her and her children five thousand dollars in cash, as soon as can be collected, to be put at interest for the benefit of Caroline Lewis and her children, by said trustees. *This I wish to be a separate estate, both the money and the negroes,* and not to be subject in any event to the debts or liabilities of her husband, Mr.

Lewis, or any other husband on second marriage, I also wish my executors to retain and keep the sum of two thousand dollars in their hands, for the purpose of building a house for Caroline and her children, at such time and place as they may all agree upon; they constructing and paying for said building with said sum." The two thousand dollars last mentioned is the subject of the present suit. The bill is filed by the husband and wife, and avers that the complainants, "relying upon the provisions of the said will, and not wishing to be delayed by the want of action of the executors, provided and had erected a convenient and comfortable house, of the value of two thousand dollars, anticipating the same to be repaid and refunded by the executors of the said James C. Cook, under the said provision of his will: That said executors are Wm. H. Mitchell and James Cook, who qualified as such, and who refuse to pay to the complainants said sum of two thousand dollars, although they have made no objections whatever to the house built by them."

The defendants in their answer insist, that the object of the testator was to vest this $2,000 in them, for the separate use of the wife of said Lewis and her children, to be by them appropriated in the erection of a house for the benefit of said Caroline and her children; and that the said P. L. Lewis having a house already erected, suited to the condition of Caroline and the children, they purchased it of him at the price of $2,000, which was a just equivalent for it, and took his deed to them for the premises, to have and to hold to them in trust for the benefit and use of said Caroline Lewis and her children, *as her sole and separate estate.* It is consented, however, that this deed is not to prejudice the claim of the complainants.

The case having been submitted by consent on the bill and answer, the Chancellor decreed, that the clause in the will did not vest a separate estate in the wife of Lewis, and ordered the defendants to pay the $2,000 to the complainants, and also decreed against the defendants the costs of thesuit, to be paid out of their testator's estate.

We are at a loss to see upon what principle this decree can be sustained. The legacy was vested by the will in trustees, to be by them expended in the erection of a house, for the use and benefit of Caroline Lewis, *and her children,* at such

time and place as *they all* may agree upon. The bill charges no default upon the executors in failing to erect, or in agreeing upon the time and place for the erection of the house; but the ground of complaint is, that the complainants, having erected a house worth $2000, the trustees would not pay them that amount of money.

If we grant that the marital rights of the husband attach to the interest which his wife has in the legacy, he could not recover, as husband, more than her share, which is equal only to that of each of the children. But *they* are thrown in the back ground, as though they had no interest whatever, and are not before the court. Laying out of view, the deed which Lewis executed to the trustees, (and which can form no predicate for the decree, as it is consented that the complainants are not to be prejudiced by it,) what security for their rights, have the children? In what house have they an equal interest with their mother? Where are their muniments of title to the premises? These matters are not set forth in the bill, and the decree of the chancellor passes by them *sub silentio.*

It is very clear that there is nothing in the will from which we can infer that the testator intended to create an estate in this legacy, or in the house which it was designed to pay for, to the sole and separate use of Mrs. Lewis. The investment was to be made, doubtless with the intention, on the part of her father, the testator, to provide her and her children with a home: a house is to be erected for their joint use by the trustees. By the well settled rules of equity, we must regard this fund, which is required to be laid out in real estate, as subject to the same rules which apply to such estate. Had the trustees invested the fund as contemplated by the will, it is clear, the children of Mrs. Lewis, as well as herself, would have had the right to have occupied it. Now, whether the wife has such interest as can be made subject to the husbands debts, is a question not before us. See Hale vs. Stone, 14 Ala. R. 803, where the authorities are collected, as to the creation of a seperate estate; also 12 Ala. Rep. 682. In no view of the case, whether we look alone to the bill, or to the bill and answer, can the decree be sustained.

It is therefore reversed, and the bill must be dismissed at the cost of the defendants in error.